[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motor vehicle operator's license of the plaintiff, James J. Maher, Jr., was suspended by the defendant, Louis S. Goldberg, Commissioner of Motor Vehicles, after the plaintiff was arrested for driving while intoxicated and allegedly refused to take a chemical test to ascertain the ratio of alcohol in his blood. The plaintiff thereafter sought and received a hearing pursuant to General Statutes 14-227b(d).
The hearing officer found the four issues referred to in General Statutes 14-227b(f) in favor of the defendant Commissioner, viz., (1) the police officer had probable cause to arrest the plaintiff for operating while under the influence; (2) the plaintiff was arrested; (3) the plaintiff refused to submit to a test; and (4) the plaintiff was operating a motor vehicle.
The plaintiff then appealed to this court pursuant to General Statutes 4-183 (a), the Uniform Administrative Procedure Act. He now seeks a stay of the suspension of his license during the pendency of the appeal. General Statutes 4-183 (f).
The criteria for ordering a stay of administrative action pending an appeal were outlined in Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 458-59, 493 A.2d 229
CT Page 1760 (1985), as the "likely outcome of the appeal, the irreparability of the prospective harm to the applicant, or the effect of delay in implementation of the order upon other parties as well as upon the public interest."
The request by the plaintiff for a stay appears to be based on two specific arguments. The first is that the A-44 report form (Officer's DWI Arrest and Alcohol Test Refusal or Failure Report) did not have any check mark on a section entitled "Probable Cause to Arrest," and secondly that the officer had no independent knowledge of the operation of a motor vehicle by the plaintiff, but rather relied upon inadmissable hearsay.
The officer's report stated he saw the plaintiff attempting to back up with two flat tires, that when he exited his vehicle the plaintiff needed assistance in walking, that he refused to take any field sobriety tests, and that he had slurred speech. This suffices, in my opinion, for a finding by the defendant's hearing officer that the police officer had probable cause to arrest the plaintiff, and the officer's failure to check a particular box on the A-44 form is of no particular significance.
With respect to operation, the arresting officer specifically reported that he witnessed the plaintiff operating his motor vehicle, and hence he did not rely on hearsay to reach this conclusion.
The plaintiff's other argument is that there has been no showing that the Trumbull Center Parking lot has space for more that ten (10) motor vehicles. I do not consider this a fatal defect at this stage of the proceedings.
This case is distinguishable from Zadroga v. Commissioner of Motor Vehicles, 42 Conn. Sup. 1, 5, 597 A.2d 848 (1991), where the arresting officer had neither himself signed the A-44 report nor actually witnessed the accident and hence had to rely on inadmissable hearsay from a third party. In this case the arresting officer Redgate saw the plaintiff operating his motor vehicle, and hence did not rely on the testimony of a third person. In addition, the Case/Incident Report, which was unsigned in Zadroga, was actually signed in this case by Officer Redgate and this further fortifies the hearing officer's conclusion that there was probable cause to arrest the plaintiff.
Hence I believe the stay should not be vacated as the plaintiff has failed to demonstrate that he is likely to prevail when this appeal is ultimately adjudicated. Nor has the plaintiff shown that his harm is irreparable, since we will issue scheduling orders that insure a prompt hearing on his appeal. CT Page 1761
The request for a stay of the suspension is denied. The defendant Commissioner is given to February 28, 1992 to return the record, the plaintiff shall file his brief by March 16, 1992, I and the defendant shall reply by April 10, 1992. This abbreviated scheduling order will insure a prompt resolution of the plaintiff's appeal. Failure of the defendant to comply with this schedule will result in a reconsideration of plaintiff's motion for a stay.
So Ordered.
Dated at Bridgeport, Connecticut, this 4th day of February, 1992.
WILLIAM B. LEWIS, JUDGE